**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

            **Plaintiff,**

**v.**

**ALEEYAH R. FOLSOM,**

            **Defendant.**

Case No. 24-03106-01-CR-S-MDH

## MOTION FOR DETENTION

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant Aleeyah R. Folsom, and moves for pretrial detention of the Defendant, pursuant to 18 U.S.C. §3142(e) and (f) for the following reasons:

1. **Eligibility of Case.** This case is eligible for a detention order because this case involves (check all that apply):

    ☐ Crime of violence (18 U.S.C. § 3156(a)(4)), under 18 U.S.C. §3142(f)(1)(A)

    ☐ A violation of 18 U.S.C. § 1591, under 18 U.S.C. §3142(f)(1)(A).

    ☐ Crime of Terrorism (18 U.S.C. § 2332b (g)(5)(B)) with a maximum sentence of ten years or more, under 18 U.S.C. §3142(f)(1)(A).

    ☐ Crime with a maximum sentence of life imprisonment or death, under 18 U.S.C. §3142(f)(1)(B)

    ☐ Drug offense with a maximum sentence of ten years or more, under 18 U.S.C. §3142(f)(1)(C)

    ☐ Felony offense and defendant has two prior convictions as described in 18 U.S.C. §3142(f)(1)(A) and (C), or two State convictions that would otherwise fall within 18 U.S.C. §3142(f)(1)(A) and (C) if federal jurisdiction had existed, under 18 U.S.C. §3142(f)(1)(D)

Page **1** of **4**

☐ Felony offense involving a minor victim other than a crime of violence, under 18 U.S.C. §3142(f)(1)(E)

X Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon, under 18 U.S.C. §3142(f)(1)(E)

☐ Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. § 2250), under 18 U.S.C. §3142(f)(1)(E)

☐ Serious risk the defendant will flee, under 18 U.S.C. §3142(f)(2)(A)

☐ Serious risk of obstruction of justice, including intimidation of a prospective witness or juror, under 18 U.S.C. §3142(f)(2)(B)

2. **Reason for Detention.** The Court should detain defendant because there are no conditions of release which will reasonably assure (check both):

X Defendant's appearance as required.

X Safety of any other person and the community.

3. **Rebuttable Presumption.** The United States will invoke a rebuttable presumption against defendant under § 3142(e). The presumption applies because (check all that apply):

☐ Probable cause to believe defendant committed offense within five years of release following conviction for a qualifying offense committed while on pretrial release, under 18 U.S.C. §3142(e)(2).

☐ Probable cause to believe defendant committed drug offense with a maximum sentence of ten years or more, under 18 U.S.C. §3142(e)(3)(A).

☐ Probable cause to believe defendant committed a violation of one of the following offenses: 18 U.S.C. §§ 924(c), 956 (conspiracy to murder or kidnap), or 2332b (act of terrorism), under 18 U.S.C. §3142(e)(3)(B).

☐ Probable cause to believe defendant committed a violation of 18 U.S.C. §2332b(g)(5)(B) (crime of terrorism) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed, under 18 U.S.C. §3142(e)(3)(C).

☐ Probable cause to believe defendant committed an offense under chapter 77 of title 18 for which a maximum term of imprisonment of 20 years or more is prescribed, under 18 U.S.C. §3142(e)(3)(D).

☐ Probable cause to believe defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. §§1201, 1591, 2241, 2242, 2244(a)(l), 2245, 2251, 2251A, 2252(a)(l) through 2252(a)(3), 2252A(a)(l) through 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425, under 18 U.S.C. §3142(e)(3)(E)

4. **Additional Factors for Consideration.** In relation to the weight of the evidence supporting the charges in the Indictment:

Between April 2023, and February 2024, the defendant transferred multiple firearms to her then-boyfriend and co-defendant, Dakota Mitchell. She transferred those firearms, knowing that Mitchell was an unlawful user of a controlled substance, a member of a gang, and knowing that he was violent. Mitchell and other individuals used the firearms that the defendant purchased for Mitchell in shootings. One of the firearms that the defendant purchased for Mitchell ended up in the possession of a juvenile who, in turn, brought that firearm to his high school campus. When the defendant realized that the police would be inquiring about the trafficked firearms, because of the illegal activity conducted with those firearms, she attempted to make a false report that her firearms were stolen, and tried to mislead investigators regarding the whereabouts of the firearms.

5. **Time for Detention Hearing.** The United States requests the Court conduct the detention hearing:

☐ At the initial appearance.

X After a continuance of 3 days.

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant in accordance with 18 U.S.C. § 3142(e).

Respectfully submitted,

Jeffrey P. Ray
Acting United States Attorney

By: */s/ Stephanie L. Wan*
Stephanie L. Wan
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on the 6th day of March 2025, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

*/s/ Stephanie L. Wan*
Stephanie L. Wan
Assistant United States Attorney